UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE LOGGINS,<br><br>　　　　　Plaintiff,<br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>　　　　　Defendant. | Civ. Action No. 21-1129<br>(EGS/MAU) |

**MEMORANDUM OPINION**

**I.　Introduction**

　　Mr. Lawrence Loggins ("Mr. Loggins" or "Plaintiff") brings this lawsuit against National Railroad Passenger Corporation ("Amtrak" or "Defendant"), alleging racial discrimination and hostile work environment claims under 42 U.S.C. § 1981. *See* Second Am. Compl., ECF No. 26.[1]

　　Amtrak moved to dismiss Mr. Loggins' Second Amended Complaint. *See* Def. National Railroad Passenger Corporation's Mot. Dismiss Pl. Lawrence Loggins' Second Am. Compl., or Alternatively, Mot. Transfer Venue, ECF No. 27. The Court thereafter referred this case to a magistrate judge for full case management, *see* Minute Order (June 16, 2022); and the case

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF page numbers, not the page numbers of the filed documents.

1

was later directly assigned to Magistrate Judge Moxila A. Upadhyaya, *see* Docket Civ. Action No. 21-1129. On December 1, 2022, Magistrate Judge Upadhyaya issued a Report and Recommendation ("R. & R.") recommending that the Court grant Amtrak's Motion to Dismiss the Second Amended Complaint for failure to state a claim or in the alternative that the Court transfer the case to the U.S. District Court for the Northern District of Illinois. *See* R. & R., ECF No. 32.

Pending before the Court is Mr. Loggins' Objections to the R. & R., *see* Objs. Magistrate Judge's Proposed Findings & Recommendations ("Pl.'s Objs."), ECF No. 33. Upon careful consideration of the R. & R.; the objections, opposition, and reply thereto; the applicable law; and the entire record herein, the Court hereby the Court hereby **ADOPTS IN PART** Magistrate Judge Upadhyaya's R. & R., *see* ECF No. 32; and **GRANTS** Amtrak's Motion to Transfer Venue, *see* ECF No. 27.

## II. Background

### A. Factual

Mr. Loggins is a Black man who lives in Chicago and formerly worked as a conductor for Amtrak. *See* Second Am. Compl., ECF No. 26 at 1 & ¶ 10. During his employment, he admitted that he had sold cash fare tickets and failed to turn in the proceeds of those sales. *Id.* ¶ 13. Amtrak removed him from service. *Id.* Following an audit of his account, Amtrak

2

found that he had failed to transmit $4,331.25 for a two-year period but permitted him to return to his position if he made restitution and accepted discipline. *Id.* ¶ 14. Mr. Loggins agreed to these terms and also waived the investigation. *Id.* ¶ 15.

Amtrak continued to audit Mr. Loggins despite his understanding that the waiver included "all outstanding deficiencies in his account." *Id.* ¶¶ 15-16. The audit revealed additional cash fares that he had failed to transmit. *Id.* ¶ 16. Amtrak investigated and dismissed him from service. *Id.* ¶ 17.

Mr. Loggins appealed his dismissal to the Public Law Board. *Id.* ¶ 18. The Public Law Board directed Amtrak to rehire him but required him to make restitution for the remaining deficiency in his account. *Id.* ¶ 18. Mr. Loggins does not allege whether he failed to turn in other funds or whether he paid any additional restitution to Amtrak. *See generally id.* ¶¶ 1-26.

In the Second Amended Complaint, Mr. Loggins alleges that "White employees engaged in similar misconduct but were not similarly disciplined." *Id.* ¶ 19. He points to one example for comparison: Mr. Lonnie Lavoie ("Mr. Lavoie"), a White man who worked as a conductor and revenue instructor in Chicago. *Id.* According to Mr. Loggins, Mr. Lavoie failed to turn in $1,652.00 of proceeds from cash fare sales but did not disclose this information to Amtrak. *Id.* ¶¶ 20-21. Mr. Loggins also alleges

3

that Amtrak dismissed Mr. Lavoie but later rehired him and expunged his charges without requiring that he repay the company. *Id.* ¶¶ 22-24.

Mr. Loggins' remaining allegations are conclusory and devoid of factual content, so the Court will not recount them here. *See id.* ¶¶ 12, 25-31.

**B.   Procedural**

On April 13, 2022, Amtrak moved to dismiss Mr. Loggins' Second Amended Complaint or, alternatively, to transfer the case to the U.S. District Court for the Northern District of Illinois. *See* Def. National Railroad Passenger Corporation's Mot. Dismiss Pl. Lawrence Loggins' Second Am. Compl., or Alternatively, Mot. Transfer Venue, ECF No. 27 at 1. Mr. Loggins filed a brief in opposition on April 27, 2022, *see* Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Dismiss Pl. Loggins' Second Am. Compl., or Alternatively, Mot. Transfer Venue, ECF No. 28; and Amtrak filed its reply brief on May 4, 2022, *see* Def.'s Reply Supp. Mot. Dismiss Second Am. Compl., or Alternatively, Mot. Transfer Venue, ECF No. 29. On December 1, 2022, Magistrate Judge Upadhyaya issued her R. & R. recommending that the Court grant Amtrak's Motion to Dismiss or transfer the case to the U.S. District Court for the Northern District of Illinois. *See* R. & R., ECF No. 32 at 9.

On December 16, 2022, Mr. Loggins submitted Objections to the R. & R. *See* Pl.'s Objs., ECF No. 33. Amtrak filed an opposition brief on January 26, 2023. *See* Def. National Railroad Passenger Corporation's Opp'n Pl.'s Objs. Magistrate Judge's R. & R. ("Def.'s Opp'n"), ECF No. 35. Mr. Loggins replied on January 27, 2023. *See* Pls.' Rep[l]y Def. National Railroad Passenger Corporation's Opp'n Pl.'s Objs. Magistrate Judge's Proposed Findings & Recommendations ("Pl.'s Reply"), ECF No. 37.

The objections are now ripe and ready for adjudication.

**III. Legal Standard**

    **A.    Objections to a Magistrate Judge's R. & R.**

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v.*

*Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation and internal quotation marks omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Buie v. Dist. of Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (internal quotation marks omitted) (quoting *Graham v. Mukasey*, 608 F. Supp. 2d 50, 52 (D.D.C. 2009)).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009)). The Court reviews Mr. Loggins' objections *de novo*.

    **B.    Transfer Pursuant to 28 U.S.C. § 1404(a)**

28 U.S.C. § 1404(a) authorizes a court to transfer an action to any other district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." The purpose of § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants,

6

witnesses, and the public from unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). District courts accordingly have discretion under Section 1404(a) to transfer a case based on an "individualized case-by-case consideration of convenience and fairness." *Berry v. U.S. Dep't of Just.*, 49 F. Supp. 3d 71, 74 (D.D.C. 2014) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Beall v. Edwards Lifesciences LLC*, 310 F. Supp. 3d 97, 102-103 (D.D.C. 2018); *Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 45 (D.D.C. 2006). Section 1404(a) is meant to be a "judicial housekeeping measure" rather than a "forum-shopping instrument." *Van Dusen*, 376 U.S. at 636.

A defendant bears the "heavy burden of establishing that [the] [p]laintiff['s] choice of forum is inappropriate" such that this Court should transfer this case out of this District pursuant to 28 U.S.C. § 1404(a). *Jalloh v. Underwood*, 300 F. Supp. 3d 151, 155-56 (D.D.C. 2018) (citing *Thayer/Patric of Educ. Funding L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002)); *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 127 (D.D.C. 2018); *see also Garcia v. Acosta*, 393 F. Supp. 3d 93, 108 (D.D.C. 2019); *Accurso v. Fed. Bureau of Prisons*, Case No. 17-CV-02626 (APM), 2018 WL 4964501, at *2 (D.D.C. Oct. 15, 2018). To satisfy this burden, a defendant "must show that considerations of convenience and the interest of justice weigh

7

in favor of transfer." *Jalloh*, 300 F. Supp. 3d at 155 (citations and internal quotation marks omitted).

To justify a transfer, a defendant must make two showings. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005). First, the defendant must establish that the plaintiff could have brought suit in the proposed transferee district. *Id.* at 71-72. Pursuant to 28 U.S.C. § 1391(b), a suit may be brought in a judicial district: (1) where "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if there is no judicial district where the case may be brought as provided by the first two categories, where "any defendant is subject to the court's personal jurisdiction." Second, the defendant must demonstrate that considerations of convenience and the interests of justice weigh in favor of a transfer. *Devaughn*, 403 F. Supp. 2d at 71; *Berry*, 49 F. Supp. 3d at 75. "To determine whether 'considerations of convenience and the interests of justice weigh in favor of a transfer,' courts consider several private-interest factors, including: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access

8

to sources of proof." *Beall*, 310 F. Supp. 3d at 103. Courts also consider whether certain public-interest factors weigh in favor of transfer, including "(1) the transferee's familiarity with the governing laws, (2) the relative congestion of each court, and (3) the local interest in deciding local controversies at home." *Id.*

**III. Analysis**

Mr. Loggins objects to Magistrate Judge Upadhyaya's recommendation that the Court transfer this case to the U.S. District Court for the Northern District of Illinois. For the reasons that follow, the Court **ADOPTS** the R. & R. as to this issue.

Magistrate Judge Upadhyaya determined that the convenience of the parties and the interests of justice weigh in favor of transfer. *See* R. & R., ECF No. 32 at 9. To reach this conclusion, she explained that the following factors support transfer: (1) Mr. Loggins resides in Chicago; (2) the alleged misconduct occurred in Chicago; (3) Mr. Lavoie—the proposed comparator—worked in Chicago; and (4) the Public Appeal Board is located in Chicago. *See id.* at 8. She further considered that the location of Amtrak's headquarters in the District of Columbia did not weigh as heavily against transfer. *See id.* at 8-9.

In his Objections to the R. & R., Mr. Loggins argues that his residence in Chicago is immaterial to the venue analysis because "[v]enue is his choice" and he chose to bring suit in the District of Columbia. *See* Pl.'s Objs., ECF No. 33 at 10. A plaintiff's choice of forum "traditionally receives deference," but diminished deference is accorded under several circumstances, including where, as here, the plaintiff resides in and the circumstances giving rise to the case occurred in the transferee forum. *Payne v. Giant of Md., L.L.C.*, No. CIVA 1:05CV00897 (GK), 2006 WL 1793303, at *3-4 (D.D.C. June 28, 2006) (citations omitted). Magistrate Judge Upadhyaya thus appropriately considered factors other than Mr. Loggins' choice of forum in recommending transfer of this case.

However, Mr. Loggins fails to address those circumstances and contends that several other factors counsel in favor of the case remaining in the District of Columbia. *See* Pl.'s Objs., ECF No. 33 at 10. Specifically, he argues that Amtrak often litigates in the District of Columbia and that this venue is the location of the company headquarters, lawyers, corporate officers, personnel records, and human resources and labor relations functions. *See id.* Amtrak disputes most of these points. *See* Def.'s Opp'n, ECF No. 35 at 27. It explains that: its paper personnel records are located in Delaware; the relevant corporate officer works in Colorado; one of its

10

attorneys is based in Georgia; another attorney is barred in Illinois and admitted to practice in the transferee forum; and its attorneys regularly litigate matters in other federal district courts. *Id.* Given all these circumstances, the Court agrees with Magistrate Judge Upadhyaya that only the location of Amtrak's headquarters weighs in favor of this case remaining in the District of Columbia. *See* R. & R., ECF No. 32 at 8. Further, the Court declines to find that this factor is significant, as courts in this District regularly transfer cases against Amtrak to other more appropriate districts despite the location of Amtrak's headquarters. *See, e.g.*, *Brown v. Nat'l R.R. Passenger Corp. ("Amtrak")*, No. 18-CV-02216 (APM), 2018 WL 11217191, at *1 (D.D.C. Dec. 10, 2018) (transferring case out of the District of Columbia where the plaintiff resided in the transferee forum and all the events occurred there); *Wedge v. Potter*, No. CIVA 06-0422 (EGS), 2006 WL 3191232, at *2-3 (D.D.C. Nov. 1, 2006) (transferring case out of the District of Columbia where all of events in the complaint, the relevant witnesses, and the documents were located in the transferee forum).

Mr. Loggins also argues that a new factor weighs against transfer: "a change of venue will only disadvantage [his] counsel, whose costs and efforts to prosecute the case will be multiplied by a transfer to Chicago, and additional counsel will have to be retained because [his counsel] is not a member of the

11

bar of the state of Illinois." Pl.'s Objs., ECF No. 33 at 10. As Amtrak points out in its opposition briefing, *see* Def.'s Opp'n, ECF No. 35 at 27; Mr. Loggins cites no caselaw to support consideration of this factor. Because the Court is not aware of any authority suggesting that the convenience of a party's attorney is a public or private interest factor to consider, *cf. Beall*, 310 F. Supp. 3d at 103 (discussing convenience of the parties but not convenience of their attorneys); the Court will not consider this issue in reviewing Magistrate Judge Upadhyaya's findings and recommendation.

Finally, Mr. Loggins disputes that other factors weigh in favor of transfer. *See* Pl.'s Objs., ECF No. 33 at 10. He argues that Magistrate Judge Upadhyaya "has no idea" where Mr. Lavoie currently works and that "the location of the Public Appeal Board is irrelevant" to this case. *Id.* He has misread the R. & R. and the caselaw. Magistrate Judge Upadhyaya correctly found that the relevant events in this case—including Mr. Lavoie's alleged misconduct and the decision by the Public Appeal Board—occurred in Chicago. *See* R. & R., ECF No. 32 at 8. The caselaw makes clear that the location of events relevant to the complaint is a factor that the Court should consider in deciding a motion to transfer. *See Brown*, 2018 WL 11217191, at *1.

Accordingly, the Court **ADOPTS** the R. & R. as to this issue and **TRANSFERS** this case to the U.S. District Court for the

Northern District of Illinois.[2]

**IV. Conclusion**

For the reasons explained above, the Court **ADOPTS IN PART** Magistrate Judge Upadhyaya's R. & R., see ECF No. 32; and **GRANTS** Amtrak's Motion to Transfer Venue, see ECF No. 27. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            May 3, 2023**

---

[2] The Court declines to decide Amtrak's Motion to Dismiss, see ECF No. 27 and leaves the remaining issues to the transferee forum. Cf. Brown, 2018 WL 11217191, at *1-2.

13